MR. JUSTICE McDONOUGH,
dissenting:
I dissent. The majority cites the correct rules but fails to apply them. Generally, decisions denying motions to set aside default judgments under Rule 60(b), M.R.Civ.P., should be reversed on a showing of slight abuse of discretion, doubts should be resolved in favor of the moving party, and each decision should be reviewed on a case by case basis. The majority in applying these rules misreads Slewing and Lords to hold against All West.
In Slewing, this Court affirmed the decision of the lower court to deny a motion to set aside a default judgment because:
“a failure to appear caused by inattention to pertinent documents, the resignation of a company officer and the the taking of a summer vacation by another officer do not establish excusable neglect.” Siewing, 736 P.2d at 122. In this case the excuses discussed are financial hardship and neglect of counsel. These complaints differ from the unexplained neglect in Slewing, and they create doubts on whether to find excusable neglect.
In Lords this Court stated that generally, courts impute counsel’s neglect to clients, but when on to state:
“ ‘This court has been hesitant to impute the neglect of an attor *238 ney to his client; and has been loathe to permit this neglect to bar a hearing on the merits. Whether or not the varying shades of excusable neglect [neglect by counsel] previously remarked on can be distinguished, we choose to think that where reasonable minds might differ in their conclusions of excusable neglect, the doubt should be resolved on the merits.’ ”
Lords, 688 P.2d at 295 (Emphasis added.). The exception, that is, finding excusable neglect for counsel’s neglect, appears to have swallowed the general rule that courts impute to the client the neglect of counsel. See 6 J. Moore, Moores Federal Practice paragraph 55.10, at 55-66 (2d ed. 1988). And this Court has further recognized that under the principles governing the decision to set aside default judgments, Montana has moved away from the rule that the client is “absolutely responsible for her attorney’s neglect.” Graham v. Mack (Mont. 1984), [216 Mont. 165,] 699 P.2d 590, 594. The failure of counsel to act quickly here weighs for finding excusable neglect.
The majority also holds that All West’s temporary inability to provide a retainer for counsel provides no excuse for failing to respond. According to the majority, All West chose to apply its limited funds for truck repair rather than for defense of the action. This reasoning does not reflect resolution of doubt in favor of setting aside a default judgment. Choosing to provide funds for one’s business instead of paying for a response to a complaint may constitute willful disregard for the legal process. However, where the repairs are essential to the day to day operations of the business, the failure to respond due to an unexpected happening may be reasonably excused. Both the temporary lack of funds and counsel’s neglect in acting quickly weigh for granting the motion to set aside the default judgment.
The majority and the District Court err in their reliance on distinguishable case law. The Court cites the rule that each case must be reviewed individually, but the result arrived at here fails to judge the motion to set aside on the merits of the unique facts presented.
MR. JUSTICES SHEEHY and HUNT concur.